*471 MEMORANDUM BY THE COURT
The plaintiff’s claim is for a part of the cost of dies and special tools provided by it to be used in the manufacture of parts for Handley-Page airplanes. It contends that it entered into an oral contract under which it was to manufacture 1,250 sets of parts, which it says meant also spare parts in the ratio of one to one, and that it was directed to absorb the cost of dies and tools in its. price for parts, which it did on the basis stated, but that it was only given orders for 500 *472 sets of parts and 500 sets of spare parts; that an increase of 15 per cent on the price of parts when it was asking 33i/3 per cent was to cover only changes in specifications, particularly as to materials, and did not cover reduction in numbers, and that by reason of not being given orders to the extent promised the amount of costs of dies and tools herein sued for was not absorbed.
The Board of Contract Adjustment rejected the claim on the ground, apparently, that the increase of 15 per cent allowed plaintiff covered reduction in number as well as changes in specifications, and on appeal the Secretary of War affirmed the decision of the board.
We agree with the conclusion reached by the board, in addition to which we conclude that the arrangement made with Captain Kehoe contemplated 1,000 sets of parts with 25 per cent of spares, or 1,250 sets of parts in all, and not 1,250 sets each of parts and spares. In addition, it must be concluded that Captain Kehoe’s directions could not bind the Government, because he was without authority to contract, and further, that the subsequent quotations by plaintiff, the orders placed in writing and accepted, and the formal contracts thereafter entered into represent the real and only contract relations between the parties.